# THE PEOPLE *v.* BORIA.

## APPEAL from the District Court of San Juan.

No. 34.—Decided March 8, 1907.

INFORMATION—REQUISITES THEREOF.—An information is sufficient if it fulfills all the requirements of sections 71 and 82 of the Code of Criminal Procedure.

ID.—DEGREE OF CRIME.—It is not properly the duty of the *fiscal* to determine the degree of the crime, but if he should state the degree thereof in his information that fact would not render the information fatally defective, because the jury may or may not find the defendant guilty of the degree of the crime stated therein, as the evidence taken during the trial may require.

INSTRUCTIONS OF THE COURT.—It is not error for a judge, while instructing the jury, to comment upon the grave nature of the crime when such comments are general and refer only to the nature of the crime in itself, and not in relation with the defendant charged with the commission thereof.

ID.—Should the court fail to instruct the jury upon certain points deemed by the accused to be essential, or if the instructions are defective or incomplete, the accused may ask that such instructions be given, or that they be enlarged upon as may be proper, or he may present written instructions to the court which, if rejected, may be considered on appeal; but if the accused accepts the instructions of the court he cannot subsequently attack them on the ground that they are deficient or incomplete.

ID.—The court holds that the following instructions show absolute impartiality on the part of the judge; that it does not appear that the accused was prejudiced thereby, or that any suggestion was made to the jury which would aggravate the jeopardy of his position, his fate being entirely in the hands of the jury, which was perfectly free to consider the case submitted for its decision:

"Such is the evidence that you are to consider; such is the evidence upon which you will pass with absolute independence. You are men of experience and knowledge of such matters. None of you are serving for the first time. You are therefore in a position to weigh the evidence fully and perfectly, and to find such a verdict as will do full justice.

"If you, upon an examination of all that evidence to which reference has been made by the court—which may possibly have involuntarily omitted some, but you will remember it perfectly—if you, after conscientiously examining all the evidence taken, should find that it is not sufficient to prove the guilt of the accused; if after subjecting that evidence to the test in the crucible of your examination you should reach the conclusion that this man is innocent; if that should be the conclusion to which you are forced by the dictates of your conscience, then it should be reflected in your verdict finding this accused not guilty.

"If in your minds, as honorable men, any doubt should exist as to the guilt of this accused—that is to say, any reasonable doubt (not a vague doubt which may arise in a mind fearful of the weight of responsibility,

but such a doubt as might arise in the mind of a man of moderate courage, a man of even temperament)—it will be your duty to render a verdict of not guilty.

"But, gentlemen of the jury, if after you have examined the evidence you believe that there is sufficient evidence to show the guilt of this accused; if you believe that this man really lived in that lonely corner of Loísa, upon the seashore, taking possession of what was not his own, and when that condition ceased to exist by reason of the exercise of an honest vigilance he felt resentment in his soul against the person exercising that vigilance; if you believe that this feeling of resentment increased until it brought about quarrels between them; and if you believe that as a consequence of such quarrels this man deliberated, meditated and thought about taking the life of that other person, the said Zaquí, who was on the property, and, in fact, armed himself and on a certain night treacherously plunged his *machete* or dagger into the breast of his victim and caused his death; if you believe that this has been proven, and that afterwards, in order not to leave any traces of the crime, he concealed the clothing, dug a grave and put the body of his victim into it; if you, who are the judges of the facts, believe beyond a reasonable doubt that this is true, then it is your duty to find a verdict of guilty."

ID.—OMISSION OF TESTIMONY OF A WITNESS IN CHARGE TO JURY—VERDICT.—The fact that the judge omitted the testimony of a witness in summing up the evidence is not sufficient to avoid a verdict, if such omission was not alleged in time to afford an opportunity to correct the defect, and especially if the judge instructs the jury that before finding its verdict it should examine all of the evidence taken, not only that referred to by him in his instructions but any that he might have involuntarily omitted.

APPEAL—EVIDENCE—STATEMENT OF FACTS—VERDICT CONTRARY TO EVIDENCE.— An allegation to the effect that the verdict is contrary to the evidence cannot be considered on appeal, unless the evidence taken at the trial is set forth in a statement of facts.

MURDER IN THE FIRST DEGREE.—Murder in the first degree is the unlawful killing of a human being with malice aforethought, wilfully, deliberately and with premeditation.

*Mr. Mendez Vaz* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by the defendant, Pedro Boria López, from a judgment rendered by the District Court of San Juan, in a prosecution for murder in the first degree.

The case was initiated upon the following information:

"United States of America, *ss:* The President of the United States. In the name and by the authority of The People of Porto Rico. *The People of Porto Rico* v. *Pedro Boria.* In the District Court of San

Juan, April 26, 1905. Pedro Boria is accused, by information filed by the *fiscal*, of the crime of murder in the first degree, a felony, committed as follows:

"That on or about February 12, 1905, in the judicial district of San Juan, the said Pedro Boria then and there, unlawfully, with express malice aforethought and with deliberate intent, killed Zacarías Hardín *alias* Zaquí, availing himself therefor of a cutting instrument, with which he inflicted a number of wounds upon the said Zacarías Hardín, resulting in his death.

"This act is contrary to the law in such case made and provided, and against the peace and dignity of The People of Porto Rico.— (Signed) Luis Campillo, district *fiscal*.

"The above information is based on the sworn testimony of witnesses examined before me, and I solemnly believe that there is just cause for filing the same.—(Signed) Luis Campillo, district *fiscal*.

"Sworn to and signed before me this 28th day of April, 1905.— (Signed) José E. Figueras, secretary of the District Court of San Juan."

The defendant pleaded not guilty on April 29 of the same year, and asked for a trial by jury.

The trial was held on March 8, 1906, before a jury empanelled for the purpose, and the latter, after hearing the information, the plea of not guilty made by the defendant, the evidence for the prosecution, the testimony of one witness for the defense, the arguments of counsel for the parties, and the charge of the judge to the jury upon the questions of law applicable to the case, returned a verdict in the following language:

"We, the jury, find Pedro Boria López guilty of the crime of murder in the first degree, as charged. San Juan, Porto Rico, March 8, 1906.—(Signed) Eugenio T. Iglesias, foreman."

In view of the foregoing verdict of the jury, the court pronounced the defendant, Pedro Boria López, guilty of the crime of murder in the first degree, and set the 14th day of said month of March for pronouncing judgment.

On this day the defendant personally appeared in court, and through his counsel made a motion for a new trial, on

the ground that the verdict was contrary to law and the evidence. This motion was overruled, whereupon judgment was pronounced sentencing Pedro Boria López to the death penalty, to be executed by hanging him by the neck until dead.

Counsel for the defense took an appeal from this judgment, for the decision of which the proper record has been transmitted to this Supreme Court containing the information, the arraignment, the charge to the jury signed by the judge, the verdict of the jury, the judgment of conviction, the motion for a new trial, the denial of said motion, the sentence pronounced, and the notice of the appeal, without any bill of exceptions or statement of facts, although it does contain a statement setting forth succinctly the proceedings had at the trial.

No attorney appeared in this Supreme Court on behalf of the defendant to sustain the appeal, and Attorney Luis Méndez Vaz, who filed the proper brief, was appointed by the court to conduct the defense.

The legal grounds, upon which counsel for the defendant bases his appeal, are the following:

"First. That the information of the *fiscal* is not drawn in accordance with the provisions of sections 71 and 72 of the Code of Criminal Procedure, because, instead of being confined to a statement of the facts constituting the offense, it classifies the degree of the crime, a function which devolves solely and exclusively on the jury, according to the provisions of section 284 of said Code; and this classification had such an influence on the mind of the jury that the latter in its verdict found the defendant guilty of the crime of murder in the first degree, as charged in the information.

"Second. The information contains a manifest contradiction, in that the heading sets forth that Pedro Boria is accused of the crime of murder in the first degree, and while from the facts alleged as constituting the crime, it is to be deduced that, if a murder was committed, it was murder in the second degree.

"Third. That the charges of the judge to the jury were not as impartial as the law requires, because the judge began them by qualifying the crime under consideration as horrible, and on the assump-

tion that the offense prosecuted was a murder of the first degree he dilated upon this point, concluding with superficial observations to the jury as to the nature of murder in the second degree and of homicide, it being especially to be noted that the instructions given to establish a distinction between murder in the first degree and murder in the second degree are so deficient and expressed in such a form that not only would they tend to perplex a jury, but also persons versed in the science of Penal Law.

"Fourth. That the partiality of the judge in his charges to the jury is also noted in his summing up of the evidence, since the law requires that the evidence be summed up as presented to the jury, leaving to the latter the free appreciation thereof, nor is. the conditional mood employed by the judge to indicate such finding sufficient to evince impartiality.

"Fifth. That the judge in summing up the evidence absolutely omitted the result of the testimony of the witness for the defense at the trial, as shown by the minutes thereof of record.

"Sixth. That the judge gave explanations to the jury upon murder in the second degree because, as he said, the jury could· find the defendant guilty of a crime necessarily comprised in the information, when he should have explained to the jury their unrestricted power to fix the degree of the crime, which he also failed to do in concluding his charge, as he only informed them that they should return a verdict of guilty or not guilty, without saying anything to them in regard to the degree of the crime.

"Seventh. That the lower· court committed an error in law in overruling the motion of the defendant for a new trial, as the jury rendered a verdict finding Boria guilty of the crime of murder in the first degree; of which the *fiscal* accused him, whereas said crime, in the form in which it appears in the information, was at the utmost one of murder in the second degree.

Upon examining the legal points alleged as the grounds of the appeal, we are of the opinion that all of them should be rejected, as we shall proceed to show.

The information of the *fiscal* conforms to the provisions of sections 71 and 72 of the Code of Criminal Procedure, because in addition to setting forth the title of the action, giving the name of the court in which it was filed and the names of the parties, it contains a statement, in concise and ordi-

nary language, of the acts constituting the crime, and drawn in such manner as to enable a person of common understanding to know what is intended. In accordance with the provisions of section 82 of the said Code this information is sufficient.

It is true that section 284 prescribes that, when a distinction is to be made among different degrees of guilt in fixing a crime, the jury, if the defendant be found guilty, must determine the degree of the crime of which he is convicted; wherefore, the determination of said degree is not properly a function incumbent on the *fiscal;* but, should the latter determine the degree of the crime in the information, as in this case, such fact does not constitute a material defect or vice therein, inasmuch as the jury has the right to accept or reject the degree fixed in said information, according to the result of the evidence heard at the trial.

This is a doctrine established by the Supreme Court of California in the cases of *People* v. *King,* 27 California, 507; *People* v. *Nichol,* 31 California, 211.

The determination of the degree of the crime by the *fiscal* in the information accords with the acts related therein, and the contradiction alleged by counsel for the defense does not exist, because if Pedro Boria unlawfully killed Zacarías Hardín, with express malice aforethought and with deliberate intent, availing himself therefor of a cutting instrument with which he inflicted a number of wounds resulting in his death, it is evident that he committed the crime of murder in the first degree, according to section 201 of the Penal Code.

The charge of the judge to the jury cannot be described as partial.

It began as follows:

"Gentlemen of the jury, the debate between the parties has concluded, and the horrible crime under investigation is about to be submitted to you for consideration and decision as the only arbiters having the last word."

The horrible crime to which the judge refers is that de-
scribed in the information, and the words transcribed do not
contain any opinion as to its existence as related by the
*fiscal.* This opinion was left to the consideration and deci-
sion of the jury, whom the judge recognizes as those called
upon to pronounce the final word. The crime is indeed hor-
rible, and the judge in recognizing it to be so did nothing
more than to publish a fact which could be deduced from the
terms of the information itself, and it cannot be said that he
thereby influenced the mind of the jury to find the defendant
guilty of the crime with which he was charged.

We may well apply to this case what this court said
through Mr. Justice Figueras in deciding the appeal taken
by Felipe Robles in a cause for murder in the first degree,
which was decided on April 25 of last year:

"As a matter of fact, the prosecution was for a grave crime, in-
volving, as it did, the trial of an act which resulted in depriving a
man of his life, and if the judge addressing the jury called attention
to this gravity he did nothing more than to publish a truth of which
the members of the jury were surely already convinced. It is one
thing to recognize the gravity of a case considered by itself in view
of its own nature and completely apart from the author of the crim-
inal act, and another to relate that gravity in connection with the
defendant, which said charges do not show."

It matters not that the judge charged the jury at more
length upon the crime of murder in the first degree than he
did upon murder in the second degree and homicide.

After defining and explaining the nature of murder in
the first degree he concludes as follows:

"In all other cases the unlawful killing of a human being, with
malice aforethought, constitutes murder in the second degree."

This definition is correct because it agrees with the last
paragraph of section 201 of the Penal Code.

With regard to the crime of homicide, the judge read the
provision of the law, namely, section 203 of the Penal Code,

which defines it, since, as he had informed the jury, they could find the defendant guilty of a crime necessarily included in the information.

The judge performed his duty in the manner he deemed proper. If the defendant thought that the instructions on murder in the first degree and on homicide were deficient, and that the distinction between murder in the first degree and murder in the second degree had not been well established, he could have requested the extension of such charges and even presented them in writing to the court for approval or rejection, thus securing the proper decision which, if unfavorable to the contentions of the defendant, could have been made the subject of this appeal; but, instead of doing so, he accepted the instructions of the judge, and now this Supreme Court cannot on appeal discuss questions which were not made the subject of judicial debate in the lower court. Such is the deduction to be made from sections 266 and 300 of the Code of Criminal Procedure.

A similar doctrine has already been announced by this Supreme Court in the aforementioned case of *The People of Porto Rico* v. *Felipe Robles,* when that of the Supreme Court of California was cited in the following cases: *People* v. *Haun,* 44 California, 96; *People* v. *Ah Wee,* 48 California, 236; *People* v. *Fice,* 97 California, 459.

The judge did not express any opinion on the result of the evidence, but, on the contrary, left the findings thereon to the free consideration to the jury, informing the latter that if they credited the testimony of this or that witness, they could arrive at the conclusion that such and such acts had occurred. The jury were therefore free to weigh this testimony according to the dictates of their conscience, and, consequently, to gather therefrom the acts which had been proved; and it cannot be alleged that they were acting on the suggestion of the judge. This practice does not impair the rights of the defendant, who could have challenged the veracity of the witnesses at the trial, in the manner provided by law.

After having summed up the evidence, the judge concluded his charge to the jury as follows:

"This is the evidence you are about to examine. This is the evidence you are about to judge from an independent, an absolutely independent, standpoint. You are men of experience, well versed in such cases. None of you are sitting for the first time. You are, therefore, in a position to weigh the evidence accurately and properly, and to return such a verdict as justice may demand.

"If, after examining the evidence to which the court has referred and such as may have involuntarily been omitted and which you may remember perfectly; if, after conscientiously examining all the evidence heard you should find that it does not contain elements sufficient to carry conviction of the guilt of the defendant; if, after subjecting this evidence to the test in the crucible of your examination, you should reach the conclusion that this man is innocent; if that be the mandate of your conscience, that mandate must be reflected in the verdict which you return, finding the defendant not guilty.

"If, in your conscience as honorable men, there exists any doubt as to the guilt of this defendant—a reasonable and well-founded doubt, not a vague doubt which may arise in your conscience from fear of burdening it with responsibility, but a doubt arising in men of moderate valor, of serene minds—it is your duty to return a verdict of not guilty.

"But, gentlemen of the jury, if you believe from an examination of the evidence that there exist elements sufficient to reach a conviction of the guilt of the defendant; if you really and actually believe that this man lived in that secluded corner of Loíza, on the shores of the sea, appropriating what did not belong to him, and when that situation terminated by virtue of an honest vigilance he felt rancor rising in his heart against the one who had watched him; if you believe that this feeling of rancor grew to the point of leading to words between them; and if you believe that as a consequence of such words this man deliberately thought of taking the life of that other person— of Zaquí, who was on the estate—and to this end armed himself and one night treacherously buried his *machete* or dagger in the breast of his victim and killed him; if you believe that this has been proved and that afterwards, in order not to leave any traces, he concealed the clothing and dug a hole and placed in it the body of his victim; if you, the judges of the facts, believe beyond a reasonable doubt that this is true, then it is your duty to return a verdict of guilty.

"With these instructions the case is submitted to your considera-
tion and decision."

These words reveal the most absolute impartiality on the
part of the judge; there is no prejudice against the defend-
ant; there is no suggestion to the jury to aggravate his con-
dition; his fate in the cause is left to the free consideration
of the jury.

It matters not that the judge, in suming up the evidence,
omitted the testimony of the witness for the defense given
at the trial, because we do not know whether that omission
was important or not, inasmuch as no statement of facts has
been submitted to us; but whether important or not, the jury
before whom the testimony was given undoubtedly took it
into consideration in reaching their verdict, and the latter
cannot now be annulled because of an omission not alleged in
time, and which could have been corrected in time by the de-
fendant had he availed himself of the right conferred upon
him by the Code of Criminal Procedure.

The judge had already told the jury that in order to reach
their verdict, they should examine all the evidence to which
the court had referred, and that which might have been omit-
ted involuntarily and which it might remember perfectly.

The charge of the judge to the jury must be considered as
a whole; and thus considered it shows that the judge not only
instructed the jury that they could find the defendant inno-
cent or guilty, but that they could also find him guilty of
murder in the first degree with extenuating circumstances, of
murder in the second degree, or of homicide.

That such was the case is further shown by the fact that
the judge declared in his charge that as it is the part of the
jury to find an individual guilty of a crime necessarily com-
prised in that charged in the information, it was the duty of
the court, in making its charge, to explain also what crimes
were in this case necessarily comprised in the information,
and for this reason, in addition to explaining what consti-

tuted murder in the first degree, he also explained what constituted murder in the second degree, as well as homicide.

Finally, the verdict of the jury is not contrary to the evidence, because it has not been properly attacked—that is to say, by means of a statement of facts—and we must assume therefore, that the verdict was in accordance with the result thereof.

This being so, the acts charged in the information were proved at the trial, and these acts, we repeat, constitute the crime of murder in the first degree, inasmuch as Pedro Boria unlawfully killed Zacarías Hardín, with express malice aforethought and deliberate intent, all of which elements go to make up the crime of murder in the first degree, which owing to the absence of extenuating circumstances, carries with it the penalty of death under section 202 of the Penal Code.

For the reasons stated, we believe that the judgment appealed from should be affirmed, with the costs of the appeal, also, against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.